

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel

*CAROLINE MCGUIRE*
*Assistant Corporation Counsel*
Tel.: (212) 356-5052
Fax: (212) 356-3509
cmcguire@law.nyc.gov

June 13, 2022

**BY ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Victor Abraham v. City of New York, et al.</u>, 22-CV-01162 (KAM) (RML)

Your Honor:

  I am the Assistant Corporation Counsel assigned to the defense of the above-referenced matter, on behalf of Defendants Detective Hamilton, Lutz, Sergeant Zielinski, and the City. In accordance with to Your Honor's Individual Rules, I write to respectfully request a pre-motion conference regarding defendants' anticipated motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6).

  **Factual Background**

  By way of background, plaintiff alleges, *inter alia*, that defendants withheld exculpatory evidence from his criminal case, which resulted in plaintiff being falsely imprisoned. <u>See</u> Docket Entry No. 1. On October 9, 2016, an individual named SH reported to police that he was robbed by two individuals. <u>Id.</u> at ¶ 14. Plaintiff was arrested on October 17, 2016 for the robbery of SH. <u>Id.</u> at ¶ 29. Prior to the arrest, SH identified plaintiff as the robber in a photo array, and SH identified plaintiff in a lineup after the arrest. <u>Id.</u> at ¶¶ 25 – 27, 30 –32. Plaintiff remained in custody until his family was able to post bail, on October 27, 2016. <u>Id.</u> at ¶ 33.

  On October 27, 2016, an individual named AL reported to police that he was attacked by three individuals during an attempted robbery. <u>Id.</u> at ¶ 34. AL described the assailants to officers when they responded to the scene. <u>Id.</u> at ¶¶ 41–43. AL later identified plaintiff as one of his assailants in a photo viewing using the NYPD's Photo Manager system. <u>Id.</u> at ¶¶ 47 –48. Plaintiff was arrested for the robbery of AH on or about October 31, 2016. <u>Id.</u> at ¶ 51. The Grand Jury indicted plaintiff for both robberies on November 2, 2016. <u>Id.</u> at ¶ 56.

About a year later, the Richmond County Supreme Court suppressed the identifications of plaintiff because they were procured in an "unduly suggestive" manner. Id. at ¶¶ 57–64. On November 7, 2018, plaintiff was then acquitted of both robberies. Id. at ¶ 74. Plaintiff filed this lawsuit on March 3, 2022. Id.

**Defendants' Motion to Dismiss**

Many of plaintiff's claims are plainly barred by the statute of limitations. The statute of limitations for a § 1983 civil rights action in New York is three years. Owens v. Okure, 488 U.S. 235, 251 (1999). The statutory period begins to run when Plaintiff knows or has reason to know of the injuries forming the basis of the action. See Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). Plaintiff alleges he was falsely arrested, and maliciously prosecuted "for the October 9, 2016 robbery [and] the October 27, 2016 attempted robbery." See Docket Entry No. 1 at ¶ 110.

Plaintiff was arrested for both robberies on October 17, 2016, and on October 31, 2016. Id. at ¶¶ 29, 51. Therefore, plaintiff had until October 17, 2019, and October 31, 2019, to bring a lawsuit for each false arrest claim and unlawful seizure claim. However, plaintiff filed his complaint on March 3, 2022, almost three years too late. See Docket Entry No. 1. As such, the Court should dismiss these untimely claims.

To the extent plaintiff is pleading any claims pursuant to New York City Administrative Code § 8-802, these claims fail. This law was enacted on April 25, 2021. The legislative history clearly states: "§ 3. This local law takes effect immediately, and applies to deprivations of rights created, granted or protected by this local law *that occur on and after its effective date*." Apr. 25, 2021, L.L.2021/048, Int. No. 2220-A, https://codelibrary.amlegal.com/codes/newyorkcity/latest/NYCadmin/0-0-0-132906#JD_L.L.2021/048 (emphasis added). The latest, relevant date plaintiff cites to in his complaint is when plaintiff was acquitted of both robberies, on November 7, 2018; this event occurred about three years before this law came into existence. Id.; See Docket Entry No. 1 at ¶ 74. Therefore, plaintiff cannot bring a claim under this law because it was enacted well after plaintiff suffered any alleged harm.

Moreover, plaintiff fails to state a municipal liability claim,[1] because he only alleges his own incident. To state a municipal liability claim, plaintiff would have to allege "…the existence of a *municipal policy* or custom in order to show the municipality took some action that caused him injures" and then "[s]econd, the plaintiff must establish a causal connection — an affirmative link — between the policy and the deprivation of his constitutional rights." Vippolis v. Vill. of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985) (emphasis added) (internal quotation marks and

---

[1] There are four general types of municipal liability a plaintiff may invoke. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978) (formal policy promulgated or adopted by municipality); Pembaur v. City of Cincinnati, 475 U.S. 469, 482-84 (1986) (plurality opinion) (particular official established specific policy); City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1985) (plurality opinion) (unlawful practice constituting a custom or usage); City of Canton v. Harris, 489 U.S. 378, 388 (1989) (failure to train amounting to "deliberate indifference" to individual rights).

2

citation omitted). A "custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [government]." Hayes v. Perotta, 751 F. Supp. 2d 597, 601 (S.D.N.Y. 2010); Giaccio v. City of New York, 308 F. App'x 470, 472 (2d Cir. 2009) (holding that four constitutional violations "falls far short of establishing a practice that is 'so persistent or widespread' as to justify the imposition of municipal liability"). Rather, "a plaintiff must demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury." Roe v. City of Waterbury, 542 F.3d 31, 37 (2d. Cir. 2008). Here, plaintiff only details his own incident, and fails to summon other examples to buoy his claims. Gaston v. Ruiz, No. 17- CV-1252 (NGG) (CLP), 2018 U.S. Dist. LEXIS 112695, at **16 – 18 (E.D.N.Y. July 6, 2018). Moreover, the cases plaintiff cites to are inapposite, and do not help plaintiff fulfill the municipal liability pleading standards. Id. (finding that two cases plaintiff cited in opposition to defendants' motion to dismiss did not save plaintiff's Monell claim because the cases were factually dissimilar from plaintiff's case).

Defendants are not moving to dismiss plaintiff's denial of due process, malicious prosecution, and fair trial claims at this time. Defendants anticipate moving to dismiss these claims at the summary judgment phase of the litigation. Accordingly, pursuant to Your Honor's Individual Rule III(B), I write to respectfully request a pre-motion conference regarding Defendants' anticipated motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6).

Thank you for your consideration herein.

Respectfully submitted,

/s/
Caroline McGuire
Assistant Corporation Counsel
Special Federal Litigation Division

cc: **BY ECF**
Yan Fu
*Plaintiff's Counsel*

3