UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

VICTOR ABRAHAM,

                     Plaintiff,

           -against-

THE CITY OF NEW YORK, et. al.,

                    Defendants.

------------------------------------------------------------------X

**ANSWER OF DEFENDANTS CITY OF NEW YORK, JENNIFER HAMILTON, STEVEN ZIELINSKI AND STEVEN LUTZ TO THIRD AMENDED COMPLAINT**

JURY TRIAL DEMANDED

22 Civ. 1162 (KAM)(RML)

Defendants City of New York (the "City"), Jennifer Hamilton, Steven Zielinski and Steven Lutz, by their attorney, Muriel Goode-Trufant, Corporation Counsel for the City of New York, for their answer to plaintiff's third amended complaint (the "Complaint"), respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit only that plaintiff purports to bring this action and assert claims, as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit only that plaintiff purports to bring this action and assert claims, as stated therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint.

4. Deny the allegations set forth in paragraph "4" of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit only that plaintiff was arrested and the charges speak for themselves.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit only that plaintiff was arrested and remanded to Rikers Island.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit only that plaintiff was arrested and remanded to Rikers Island.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit only that plaintiff was acquitted of the charges against him after trial.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit only that plaintiff purports to bring this action and assert claims, as stated therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit only that plaintiff purports to bring this action and assert claims, as stated therein.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit only that plaintiff purports to invoke the Court's jurisdiction, as stated therein.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit only that plaintiff purports to invoke the Court's jurisdiction, as stated therein.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit only that plaintiff purports to lay venue, as stated therein.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit only that plaintiff purports to lay venue, as stated therein.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit only that the defendant Steven Lutz is a retired NYPD detective.

20. The allegations set forth in paragraph "20" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except admit only that the defendant Steven Zielinski is an NYPD sergeant.

22. The allegations set forth in paragraph "22" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit only that the defendant Jennifer Hamilton is an NYPD detective.

24. The allegations set forth in paragraph "24" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit only that the City of New York is a municipal corporation that maintains the NYPD and respectfully refer the court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the NYPD.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit only that plaintiff purports to demand a trial by jury.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit only that a robbery was reported and Samuel Howard was the complaining witness.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit only that a 911 call was placed.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit only that the NYPD officers responded to the scene of the robbery.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit only that Samuel Howard was interviewed by NYPD officers and complained that he was robbed.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit only that Det. Lutz interviewed Samuel Howard and a canvass was conducted.

4

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit only that Samuel Howard did not identify plaintiff as the perpetrator during a canvass on the night of the robbery.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint, except admit only that Det. Lutz investigated the robbery.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit only that Det. Lutz and Det. Mauro arrived at the scene of the robbery.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint, except admit only that P.O. Parisi and P.O. Barbee responded to the scene of the robbery.

53. Deny the allegations set forth in paragraph "52" of the Complaint, except admit only that P.O. Parisi and P.O. Barbee responded to the scene of the robbery and had, upon information and belief, spoken with Samuel Howard.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint, except admit only that a canvass was conducted.

58. Deny the allegations set forth in paragraph "58" of the Complaint, except admit only that Det. Lutz spoke with Samuel Howard.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint, except only that Samuel Howard transmitted to Det. Lutz a photograph.

79. Deny the allegations set forth in paragraph "79" of the Complaint, except admit only that any referenced DD5s speak for themselves.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint, except only that Samuel Howard transmitted to Det. Lutz a photograph.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint, except admit only that Det. Lutz attempted to obtain video taken from the bus.

7

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint, except admit only that a photo array was prepared.

92. Deny the allegations set forth in paragraph "92" of the Complaint, except admit only that a photo array  was prepared and which contained photographs of plaintiff and five fillers.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint, except admit only that Samuel Howard identified plaintiff as the perpetrator of a robbery in a photo array.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint, except admit only that Samuel Howard participated in a lineup procedure.

8

98. Deny the allegations set forth in paragraph "98" of the Complaint, except admit only that Samuel Howard participated in a lineup procedure.

99. Deny the allegations set forth in paragraph "99" of the Complaint, except admit only that a lineup was conducted.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint, except admit only that the lineup consisted of plaintiff and five fillers.

102. Deny the allegations set forth in paragraph "102" of the Complaint, except admit only that the photograph of the lineup speaks for itself.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Complaint.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint, except admit only that Samuel Howard picked plaintiff out of a lineup as the perpetrator of the robbery.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint, except admit only that plaintiff was arrested and arraigned.

110.     Deny the allegations set forth in paragraph "110" of the Complaint, except admit only that a criminal court complaint was prepared.

111.     Deny the allegations set forth in paragraph "111" of the Complaint, except only that the charges speak for themselves.

112.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the Complaint.

113.     Deny the allegations set forth in paragraph "113" of the Complaint, except admit only that plaintiff was remanded to Rikers Island upon his arrest.

114.     Deny the allegations set forth in paragraph "114" of the Complaint.

115.     Deny the allegations set forth in paragraph "115" of the Complaint, except admit only that a hearing was conducted which speaks for itself.

116.     Deny the allegations set forth in paragraph "116" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

117.     Deny the allegations set forth in paragraph "117" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

118.     Deny the allegations set forth in paragraph "118" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

119.     Deny the allegations set forth in paragraph "119" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

120.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

121.     Deny the allegations set forth in paragraph "121" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

122.    Deny the allegations set forth in paragraph "122" of the Complaint.

123.    Deny the allegations set forth in paragraph "123" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

124.    Deny the allegations set forth in paragraph "124" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

125.    Deny the allegations set forth in paragraph "125" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

126.    Deny the allegations set forth in paragraph "126" of the Complaint, except admit only that plaintiff was tried to a jury and that Det. Lutz testified threat.

127.    Deny the allegations set forth in paragraph "127" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

128.    Deny the allegations set forth in paragraph "128" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

129.    Deny the allegations set forth in paragraph "129" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

130.    Deny the allegations set forth in paragraph "130" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

131.    Deny the allegations set forth in paragraph "131" of the Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Complaint.

133.    Deny the allegations set forth in paragraph "133" of the Complaint.

134.    Deny the allegations set forth in paragraph "134" of the Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

138.    Deny the allegations set forth in paragraph "138" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

139.    Deny the allegations set forth in paragraph "139" of the Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

142.    Deny the allegations set forth in paragraph "142" of the Complaint.

143.    Deny the allegations set forth in paragraph "143" of the Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Complaint.

145.    Deny the allegations set forth in paragraph "145" of the Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

147.    Deny the allegations set forth in paragraph "147" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

148.    Deny the allegations set forth in paragraph "148" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

149.    Deny the allegations set forth in paragraph "149" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

150.    Deny the allegations set forth in paragraph "150" of the Complaint.

151.    Deny the allegations set forth in paragraph "151" of the Complaint.

152.    Deny the allegations set forth in paragraph "152" of the Complaint.

153. Deny the allegations set forth in paragraph "153" of the Complaint.

154. Deny the allegations set forth in paragraph "154" of the Complaint.

155. Deny the allegations set forth in paragraph "155" of the Complaint.

156. Deny the allegations set forth in paragraph "156" of the Complaint.

157. Deny the allegations set forth in paragraph "157" of the Complaint.

158. Deny the allegations set forth in paragraph "158" of the Complaint.

159. Deny the allegations set forth in paragraph "159" of the Complaint.

160. Deny the allegations set forth in paragraph "160" of the Complaint.

161. Deny the allegations set forth in paragraph "161" of the Complaint.

162. Deny the allegations set forth in paragraph "162" of the Complaint.

163. Deny the allegations set forth in paragraph "163" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

164. Deny the allegations set forth in paragraph "164" of the Complaint, except admit only that Det. Lutz's trial testimony speaks for itself.

165. Deny the allegations set forth in paragraph "165" of the Complaint.

166. Deny the allegations set forth in paragraph "166" of the Complaint.

167. Deny the allegations set forth in paragraph "167" of the Complaint.

168. Deny the allegations set forth in paragraph "168" of the Complaint, except admit only that a photograph sent by Samuel Howard to Det. Lutz was produced in discovery herein.

169. Deny the allegations set forth in paragraph "169" of the Complaint.

170. Deny the allegations set forth in paragraph "170" of the Complaint.

171. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the Complaint, except admit only that a robbery was reported and a 911 call placed.

172. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Complaint, except admit only that the NYPD responded to the robbery.

173. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Complaint.

174. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Complaint.

175. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the Complaint.

176. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "176" of the Complaint.

177. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the Complaint.

178. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint, except admit only that Sgt. Zielinski was an NYPD sergeant on the date of incident.

179. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Complaint, except admit only that Sgt. Zielinski attended the NYPD police academy prior to being sworn as an NYPD police officer.

180. Admit

181. The allegations set forth in paragraph "181" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

182. Deny the allegations set forth in paragraph "182" of the Complaint.

183. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the Complaint.

184. Deny the allegations set forth in paragraph "184" of the Complaint.

185. Deny the allegations set forth in paragraph "185 of the Complaint.

186. Deny the allegations set forth in paragraph "186 of the Complaint.

187. Deny the allegations set forth in paragraph "187 of the Complaint.

188. Deny the allegations set forth in paragraph "188 of the Complaint.

189. Deny the allegations set forth in paragraph "189 of the Complaint.

190. Deny the allegations set forth in paragraph "190 of the Complaint.

191. Deny the allegations set forth in paragraph "191 of the Complaint.

192. Deny the allegations set forth in paragraph "192 of the Complaint, except admit only that Sgt. Zielinski responded to the robbery.

193. Deny the allegations set forth in paragraph "192 of the Complaint, except admit only that Sgt. Zielinski responded to the robbery.

194. Deny the allegations set forth in paragraph "194" of the Complaint.

195. Deny the allegations set forth in paragraph "195" of the Complaint.

196. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the Complaint.

15

197. Deny the allegations set forth in paragraph "197" of the Complaint, except admit only that Sgt. Zielinski was in possession of a photograph of plaintiff following the subject robbery.

198. Deny the allegations set forth in paragraph "198" of the Complaint.

199. Deny the allegations set forth in paragraph "199" of the Complaint, except admit only that Sgt. Zielinski showed Alex LaPierre a photograph of plaintiff following the subject robbery.

200. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "200" of the Complaint.

201. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the Complaint.

202. Deny the allegations set forth in paragraph "202" of the Complaint.

203. Deny the allegations set forth in paragraph "203" of the Complaint.

204. Deny the allegations set forth in paragraph "204" of the Complaint.

205. Deny the allegations set forth in paragraph "205" of the Complaint.

206. Deny the allegations set forth in paragraph "206" of the Complaint.

207. Deny the allegations set forth in paragraph "207" of the Complaint.

208. Deny the allegations set forth in paragraph "208" of the Complaint.

209. Deny the allegations set forth in paragraph "209" of the Complaint.

210. Deny the allegations set forth in paragraph "210" of the Complaint.

211. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the Complaint.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Complaint.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the Complaint, except admit only that Det. Hamilton attended the NYPD police academy prior to being sworn as an NYPD police officer.

214.    Deny the allegations set forth in paragraph "214" of the Complaint.

215.    Deny the allegations set forth in paragraph "215" of the Complaint.

216.    Deny the allegations set forth in paragraph "216" of the Complaint.

217.    Deny the allegations set forth in paragraph "217" of the Complaint.

218.    Deny the allegations set forth in paragraph "218" of the Complaint.

219.    Deny the allegations set forth in paragraph "219" of the Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Complaint, except admit only that Alex LaPierre reviewed photographs in the NYPD's photo manager database.

222.    Deny the allegations set forth in paragraph "222" of the Complaint, except admit only that Alex LaPierre identified plaintiff as the perpetrator upon review of photographs in the NYPD's photo manager database.

223.    Deny the allegations set forth in paragraph "223" of the Complaint.

224.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "224" of the Complaint.

225.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "225" of the Complaint.

226.    Deny the allegations set forth in paragraph "226" of the Complaint, except admit only that Det. Hamilton's deposition testimony speaks for itself.

227.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "227" of the Complaint.

228.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "228" of the Complaint.

229.    Deny the allegations set forth in paragraph "229" of the Complaint, except admit only that Alex LaPierre identified plaintiff as the perpetrator upon review of photographs in the NYPD's photo manager database.

230.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "230" of the Complaint.

231.    Deny the allegations set forth in paragraph "231" of the Complaint, except admit only that Alex LaPierre identified plaintiff as the perpetrator upon review of photographs in the NYPD's photo manager database.

232.    Deny the allegations set forth in paragraph "232" of the Complaint.

233.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "233" of the Complaint.

234.    Deny the allegations set forth in paragraph "234" of the Complaint.

235.    Deny the allegations set forth in paragraph "235" of the Complaint.

236.    Deny the allegations set forth in paragraph "236" of the Complaint.

237.    Deny the allegations set forth in paragraph "237" of the Complaint.

238.    Deny the allegations set forth in paragraph "238" of the Complaint.

239.    Deny the allegations set forth in paragraph "239" of the Complaint.

240.    Deny the allegations set forth in paragraph "240" of the Complaint.

241.    Deny the allegations set forth in paragraph "241" of the Complaint.

242.    Deny the allegations set forth in paragraph "242" of the Complaint, except admit only that Det. Hamilton's deposition testimony speaks for itself.

243.    Deny the allegations set forth in paragraph "243" of the Complaint, except admit only that Det. Hamilton's hearing testimony speaks for itself.

244.    Deny the allegations set forth in paragraph "244" of the Complaint, except admit only that Alex LaPierre identified plaintiff as the perpetrator upon review of photographs in the NYPD's photo manager database.

245.    Deny the allegations set forth in paragraph "245" of the Complaint, except admit only that Det. Hamilton's hearing testimony speaks for itself.

246.    Deny the allegations set forth in paragraph "246" of the Complaint.

247.    Deny the allegations set forth in paragraph "247" of the Complaint.

248.    Deny the allegations set forth in paragraph "248" of the Complaint, except admit only that plaintiff was arrested and remanded to Rikers Island.

249.    Deny the allegations set forth in paragraph "249" of the Complaint.

250.    Deny the allegations set forth in paragraph "250" of the Complaint.

251.    Deny the allegations set forth in paragraph "251" of the Complaint.

252.    Deny the allegations set forth in paragraph "252" of the Complaint.

253.    Deny the allegations set forth in paragraph "253" of the Complaint.

254.    Deny the allegations set forth in paragraph "254" of the Complaint.

255.    Deny the allegations set forth in paragraph "255" of the Complaint, except admit only that Det. Hamilton's hearing testimony speaks for itself.

256.    Deny the allegations set forth in paragraph "256" of the Complaint.

257.    Deny the allegations set forth in paragraph "257" of the Complaint, except admit only that Det. Hamilton was not aware that a single photograph of plaintiff had been shown to Alex LaPierre before his photo manager viewing.

258.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "258" of the Complaint.

259.    Deny the allegations set forth in paragraph "259" of the Complaint.

260.    Deny the allegations set forth in paragraph "260" of the Complaint.

261.    Deny the allegations set forth in paragraph "261" of the Complaint.

262.    Deny the allegations set forth in paragraph "262" of the Complaint, except admit only that Det. Hamilton's hearing testimony speaks for itself.

263.    Deny the allegations set forth in paragraph "263" of the Complaint, except admit only that Det. Hamilton's trial testimony speaks for itself.

264.    Deny the allegations set forth in paragraph "264" of the Complaint.

265.    Deny the allegations set forth in paragraph "265" of the Complaint.

266.    Deny the allegations set forth in paragraph "266" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

267.    Deny the allegations set forth in paragraph "267" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

268.    Deny the allegations set forth in paragraph "268" of the Complaint, except admit only that a grand jury was convened.

269.    Deny the allegations set forth in paragraph "269" of the Complaint, except admit only that a grand jury was convened and witnesses were called.

270. Deny the allegations set forth in paragraph "270" of the Complaint, except admit only that plaintiff was indicted for charges that speak for themselves.

271. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "271" of the Complaint.

272. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "272" of the Complaint.

273. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "273" of the Complaint.

274. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "274" of the Complaint, except admit only that any testimony of Samuel Howard speaks for itself.

275. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "275" of the Complaint, except admit only that any testimony of Samuel Howard speaks for itself.

276. Deny the allegations set forth in paragraph "276" of the Complaint.

277. Deny the allegations set forth in paragraph "277" of the Complaint.

278. Deny the allegations set forth in paragraph "278" of the Complaint.

279. Deny the allegations set forth in paragraph "279" of the Complaint.

280. Deny the allegations set forth in paragraph "280" of the Complaint.

281. Deny the allegations set forth in paragraph "281" of the Complaint.

282. Deny the allegations set forth in paragraph "282" of the Complaint.

283. Deny the allegations set forth in paragraph "283" of the Complaint.

284. Deny the allegations set forth in paragraph "284" of the Complaint.

285. The allegations set forth in paragraph "285" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

286. Deny the allegations set forth in paragraph "286" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

287. Deny the allegations set forth in paragraph "287" of the Complaint, except admit only that Judge Garnett's decision speaks for itself.

288. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "288" of the Complaint.

289. Deny the allegations set forth in paragraph "289" of the Complaint, except admit only that Det. Lutz's grand jury testimony, if any, speaks for itself.

290. Deny the allegations set forth in paragraph "290" of the Complaint.

291. Deny the allegations set forth in paragraph "291" of the Complaint.

292. Deny the allegations set forth in paragraph "292" of the Complaint.

293. Deny the allegations set forth in paragraph "293" of the Complaint.

294. Deny the allegations set forth in paragraph "294" of the Complaint, except admit only that Det. Hamilton's grand jury testimony, if any, speaks for itself.

295. Deny the allegations set forth in paragraph "295" of the Complaint.

296. Deny the allegations set forth in paragraph "296" of the Complaint.

297. Deny the allegations set forth in paragraph "297" of the Complaint.

298. Deny the allegations set forth in paragraph "298" of the Complaint.

299. Deny the allegations set forth in paragraph "299" of the Complaint, except admit only that Alex LaPierre's grand jury testimony, if any, speaks for itself.

300.    Deny the allegations set forth in paragraph "300" of the Complaint, except admit only that Alex LaPierre's grand jury testimony, if any, speaks for itself.

301.    Deny the allegations set forth in paragraph "301" of the Complaint, except admit only that Alex LaPierre's grand jury testimony, if any, speaks for itself.

302.    Deny the allegations set forth in paragraph "302" of the Complaint.

303.    Deny the allegations set forth in paragraph "303" of the Complaint.

304.    The allegations set forth in paragraph "304" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

305.    The allegations set forth in paragraph "305" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

306.    Deny the allegations set forth in paragraph "306" of the Complaint.

307.    Deny the allegations set forth in paragraph "307" of the Complaint.

308.    Deny the allegations set forth in paragraph "308" of the Complaint.

309.    Deny the allegations set forth in paragraph "309" of the Complaint.

310.    Deny the allegations set forth in paragraph "310" of the Complaint, except admit only that plaintiff was acquitted by the jury after trial.

311.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "311" of the Complaint.

312.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "312" of the Complaint.

313.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "313" of the Complaint.

314.    Deny the allegations set forth in paragraph "314" of the Complaint.

23

315. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "315" of the Complaint.

316. Deny the allegations set forth in paragraph "316" of the Complaint.

317. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "317" of the Complaint.

318. Deny the allegations set forth in paragraph "318" of the Complaint.

319. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "319" of the Complaint.

320. Deny the allegations set forth in paragraph "320" of the Complaint.

321. Deny the allegations set forth in paragraph "321" of the Complaint.

322. Deny the allegations set forth in paragraph "322" of the Complaint.

323. Deny the allegations set forth in paragraph "323" of the Complaint.

324. In response to the allegations set forth in paragraph "324" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

325. Deny the allegations set forth in paragraph "325" of the Complaint.

326. Deny the allegations set forth in paragraph "326" of the Complaint.

327. Deny the allegations set forth in paragraph "327" of the Complaint.

328. Deny the allegations set forth in paragraph "328" of the Complaint.

329. Deny the allegations set forth in paragraph "329" of the Complaint.

330. Deny the allegations set forth in paragraph "330" of the Complaint.

331. Deny the allegations set forth in paragraph "331" of the Complaint.

332. Deny the allegations set forth in paragraph "332" of the Complaint.

333.    Deny the allegations set forth in paragraph "333" of the Complaint.

334.    Deny the allegations set forth in paragraph "334" of the Complaint.

335.    Deny the allegations set forth in paragraph "335" of the Complaint.

336.    Deny the allegations set forth in paragraph "336" of the Complaint.

337.    Deny the allegations set forth in paragraph "337" of the Complaint.

338.    Deny the allegations set forth in paragraph "338" of the Complaint.

339.    In response to the allegations set forth in paragraph "339" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.  (as to plaintiff's second ¶339, the allegation set forth is not an averment of fact, but rather is a legal conclusion, to which no response is required)

340.    The allegations set forth in paragraph "340" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

341.    Deny the allegations set forth in paragraph "341" of the Complaint.

342.    Deny the allegations set forth in paragraph "342" of the Complaint.

343.    Deny the allegations set forth in paragraph "343" of the Complaint.

344.    Deny the allegations set forth in paragraph "344" of the Complaint.

345.    Deny the allegations set forth in paragraph "345" of the Complaint.

346.    Deny the allegations set forth in paragraph "346" of the Complaint.

347.    Deny the allegations set forth in paragraph "347" of the Complaint.

348.    Deny the allegations set forth in paragraph "348" of the Complaint.

349.    Deny the allegations set forth in paragraph "349" of the Complaint.

350.    Deny the allegations set forth in paragraph "350" of the Complaint.

351.    Deny the allegations set forth in paragraph "351" of the Complaint.

352.    Deny the allegations set forth in paragraph "352" of the Complaint.

353.    Deny the allegations set forth in paragraph "353" of the Complaint.

354.    Deny the allegations set forth in paragraph "354" of the Complaint.

355.    Deny the allegations set forth in paragraph "355" of the Complaint.

356.    Deny the allegations set forth in paragraph "356" of the Complaint.

357.    In response to the allegations set forth in paragraph "357" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

358.    The allegations set forth in paragraph "358" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

359.    Deny the allegations set forth in paragraph "359" of the Complaint.

360.    Deny the allegations set forth in paragraph "360" of the Complaint.

361.    The allegations set forth in paragraph "361" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

362.    The allegations set forth in paragraph "362" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

363.    Deny the allegations set forth in paragraph "363" of the Complaint.

364.    In response to the allegations set forth in paragraph "364" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

365.    Deny the allegations set forth in paragraph "365" of the Complaint.

366.    Deny the allegations set forth in paragraph "366" of the Complaint.  (as to plaintiff's second ¶366, in response to the allegations set forth in paragraph "366" of the

26

Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein).

367.    Deny the allegations set forth in paragraph "367" of the Complaint.  (as to plaintiff's second ¶367, deny the allegations set forth in paragraph "367" of the Complaint)

368.    Deny the allegations set forth in paragraph "368" of the Complaint.

369.    Deny the allegations set forth in paragraph "369" of the Complaint.

370.    Deny the allegations set forth in paragraph "370" of the Complaint.

371.    Deny the allegations set forth in paragraph "371" of the Complaint.

372.    Deny the allegations set forth in paragraph "372" of the Complaint.

373.    Deny the allegations set forth in paragraph "373" of the Complaint.

374.    Deny the allegations set forth in paragraph "374" of the Complaint.

375.    Deny the allegations set forth in paragraph "375" of the Complaint.

376.    Deny the allegations set forth in paragraph "376" of the Complaint.

377.    Deny the allegations set forth in paragraph "377" of the Complaint.

378.    Deny the allegations set forth in paragraph "378" of the Complaint.

379.    Deny the allegations set forth in paragraph "379" of the Complaint.

380.    Deny the allegations set forth in paragraph "380" of the Complaint.

381.    Deny the allegations set forth in paragraph "381" of the Complaint.

382.    Deny the allegations set forth in paragraph "382" of the Complaint.

383.    Deny the allegations set forth in paragraph "383" of the Complaint.

384.    Deny the allegations set forth in paragraph "384" of the Complaint.

385.    Deny the allegations set forth in paragraph "385" of the Complaint.

386.    Deny the allegations set forth in paragraph "386" of the Complaint.

387. Deny the allegations set forth in paragraph "387" of the Complaint.

388. Deny the allegations set forth in paragraph "388" of the Complaint.

389. In response to the allegations set forth in paragraph "389" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

390. The allegations set forth in paragraph "390" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

391. The allegations set forth in paragraph "391" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

392. Deny the allegations set forth in paragraph "392" of the Complaint.

393. The allegations set forth in paragraph "393" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

394. Deny the allegations set forth in paragraph "394" of the Complaint.

395. Deny the allegations set forth in paragraph "395" of the Complaint.

396. Deny the allegations set forth in paragraph "396" of the Complaint.

397. Deny the allegations set forth in paragraph "397" of the Complaint.

398. Deny the allegations set forth in paragraph "398" of the Complaint.

399. Deny the allegations set forth in paragraph "399" of the Complaint.

400. Deny the allegations set forth in paragraph "400" of the Complaint.

401. The allegations set forth in paragraph "401" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

402. The allegations set forth in paragraph "402" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

28

403. Deny the allegations set forth in paragraph "403" of the Complaint.

404. The allegations set forth in paragraph "404" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

405. Deny the allegations set forth in paragraph "405" of the Complaint.

406. Deny the allegations set forth in paragraph "406" of the Complaint.

407. Deny the allegations set forth in paragraph "407" of the Complaint.

408. Deny the allegations set forth in paragraph "408" of the Complaint.

409. Deny the allegations set forth in paragraph "409" of the Complaint.

410. Deny the allegations set forth in paragraph "410" of the Complaint.

411. Deny the allegations set forth in paragraph "411" of the Complaint.

412. Deny the allegations set forth in paragraph "412" of the Complaint.

413. Deny the allegations set forth in paragraph "413" of the Complaint.

414. Deny the allegations set forth in paragraph "414" of the Complaint.

415. Deny the allegations set forth in paragraph "415" of the Complaint.

416. Deny the allegations set forth in paragraph "416" of the Complaint.

417. Deny the allegations set forth in paragraph "417" of the Complaint.

418. Deny the allegations set forth in paragraph "418" of the Complaint.

419. Deny the allegations set forth in paragraph "419" of the Complaint.

420. Deny the allegations set forth in paragraph "420" of the Complaint.

421. Deny the allegations set forth in paragraph "421" of the Complaint.

422. Deny the allegations set forth in paragraph "422" of the Complaint.

### **FIRST AFFIRMATIVE DEFENSE:**

423. The Complaint fails to state a claim upon which relief can be granted.

29

## SECOND AFFIRMATIVE DEFENSE:

424.    Defendants City of New York, Steven Lutz, Steven Zielinski and Jennifer Hamilton have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

425.    Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and were not the proximate result of any act of the defendants City of New York, Steven Zielinski, Steven Lutz or Jennifer Hamilton.

## FOURTH AFFIRMATIVE DEFENSE:

426.    The defendants Steven Lutz, Steven Zielinski and Jennifer Hamilton have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE:

427.    Plaintiff's claims are all barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE:

428.    Plaintiff has failed to comply with conditions precedent to suit.

## SEVENTH AFFIRMATIVE DEFENSE:

429.    Plaintiff has failed to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE:

430.    Punitive damages are not recoverable against the City of New York.

## NINTH AFFIRMATIVE DEFENSE:

431.    There was probable cause for plaintiff's arrest, as well his detention and prosecution.

**TENTH AFFIRMATIVE DEFENSE:**

432.    The defendants Lutz, Hamilton and Zielinski are entitled to absolute immunity for all testimonies, including grand jury testimonies, and in preparation for and in connection with such testimonies.

**ELEVENTH AFFIRMATIVE DEFENSE:**

433.    Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral estoppel and res judicata, including, but not limited to, the criminal court's ruling that there were independent sources for the identifications by the complaining witnesses of plaintiff as the perpetrator of the subject robberies.

**WHEREFORE,** defendants City of New York, Steven Lutz, Steven Zielinski and Jennifer Hamilton respectfully request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              February 11, 2025

MURIEL GOODE-TRUFANT
  Corporation Counsel of
  the City of New York
*Attorney for Defendants City of New York,*
  *Steven Lutz, Steven Zielinski and Jennifer*
  *Hamilton*
100 Church Street
New York, New York 10007
(212) 356-3519


By:    /s/  Mark D. Zuckerman
       Mark D. Zuckerman
       Senior Counsel

31