United States District Court
Eastern District of New York

------------------------------------X

*Victor Abraham*,

          Plaintiff,

   - against -

*City of New York, et al.*

          Defendants.

------------------------------------X

**<u>Memorandum and Order</u>**

No. 22-cv-1162 (KAM) (RML)

**Kiyo A. Matsumoto, United States District Judge:**

Pending before the Court is Plaintiff Victor Abraham's objection to Magistrate Judge Levy's April 21, 2026 Order denying his motion to reopen discovery to conduct the depositions of witnesses he submits are "material" to his case: Samuel Howard, Alex LaPierre, Alex LaPierre's father, and former Assistant District Attorney Michael Tannousis. (*See* ECF No. 146.) For the reasons that follow, the Court affirms Judge Levy's order in all respects.

## <u>Relevant Factual Background</u>

Plaintiff Victor Abraham commenced this 42 U.S.C. § 1983 action on March 3, 2022 alleging that Defendants City of New York, Steven Lutz, Steven Zielinski, and Jennifer Hamilton deprived him of his constitutional rights when he was prosecuted and held at Rikers Island for approximately one year based on photo arrays

that a state court judge has since found were unduly suggestive. (*See generally* ECF No. 1, "Compl.".)  The witnesses Mr. Abraham seeks to depose feature centrally in the underlying state court proceedings:  Mr. Samuel Howard and Mr. Alex LaPierre were complaining witnesses in two separate robberies on October 9, 2016 and October 27, 2016.  (*See id.* ¶¶ 14, 34; ECF No. 96, "Am. Compl." ¶ 3.) Both independently identified Mr. Abraham as the assailant through the faulty photo identification methods. (*See* Compl. ¶¶ 34, 50; Am. Compl. ¶¶ 115-118.)  Mr. LaPierre's father was reportedly on the scene and canvassed the area after Mr. LaPierre reported the robbery.  (Am. Compl. ¶ 196.)  Mr. Michael Tannousis is the Assistant District Attorney who prosecuted the case against Mr. Abraham.  (*See id.* ¶ 273.)

As is relevant to Mr. Abraham's instant objection, discovery began around May 16, 2023, and was originally set to conclude by September 13, 2023.  (May 16, 2023 Minute Entry (approving case management plan).)  Mr. Abraham filed an Amended Complaint on December 13, 2024.  (*See* ECF No. 96.) The discovery deadline in this action was extended no less than **ten** times, and the discovery process was ultimately certified as complete on February 11, 2026. (*See* Sept. 11, 2023 Order (granting extension to November 15, 2023); Feb. 11, 2026 Order (certifying close of discovery).)  Over the period of time between May 16, 2023 and February 11, 2026, Mr. Abraham had at least three attorneys, all of whom had had ample

opportunity to depose these witnesses, yet had not, in part due to the fact that certain witnesses could not be located.  (*See* Apr. 21 Tr. 4:19-5:7.)   In between representation by counsel, Mr. Abraham also represented himself pro se.  (*See, e.g.*, ECF No. 67; July 3, 2024 Minute Entry).  Despite multiple warnings from Judge Levy that discovery deadlines would be "final," including when the deadline was extended to April 18, 2025, July 17, 2025, October 20, 2025, and December 8, 2025, Mr. Abraham and his counsel continued to choose not to depose these witnesses.

Judge Levy has been particularly accommodating in extending the discovery deadline to allow Mr. Abraham and his counsel to depose Mr. Howard and Mr. Tannousis. In particular, the discovery deadline was extended from October 20, 2025 to December 8, 2025 in order to accommodate Mr. Howard's and Mr. Tannousis's depositions, the former of which had been scheduled for October 21, 2025 on Zoom.   (*See* ECF No. 104.)  Yet, by January 22, 2026, neither the Howard nor Tannousis depositions had been taken, and -- Defendants contend -- subpoenas had still not been issued despite Mr. Abraham's representation that he had been in contact with Mr. Howard.   (*See id.*; ECF No. 113 at 2.)   Judge Levy granted an additional extension for the sole purpose of allowing Mr. Abraham's counsel to take Mr. Howard's deposition on January 22, 2026.  (Jan. 22, 2026 Minute Entry.)   On February 11, 2026, Mr. Abraham's counsel represented that Mr. Howard could not be contacted by him,

3

a private investigator he had hired, or Mr. Welton Wisham, who was Mr. Abraham's counsel from October 28, 2024 to December 2, 2025. (Feb. 10, 2026 Tr. 4:19-5:7.)  Based on that representation, and without further statement or objection from Mr. Abraham, Judge Levy closed discovery, correctly concluding that discovery cannot be held open indefinitely just because Mr. Howard could no longer be found.  (*Id.* 5:10-18.)  At that same hearing, with the consent of Mr. Abraham, Mr. Abraham's counsel also withdrew from the case, citing a "breakdown" in the client relationship because Mr. Abraham refused to speak with him.  (*Id.* 10:16; 11:11-23; 15:20-21.)

On April 17, 2026, Mr. Abraham, who has proceeded pro se since February 10, 2026, moved to reopen discovery so he could take the depositions of Mr. Howard, Mr. LaPierre, Mr. LaPierre's father, and Mr. Tannousis.  (ECF No. 146.)  Judge Levy denied the motion on April 22, 2026, though he also expressed willingness to grant a request to reopen discovery for "a brief period" to allow Mr. Abraham to obtain "affidavits from witnesses, including witnesses who have not been deposed."  (Apr. 22, 2026 Minute Entry; Apr. 21, 2026 Tr. at 13:18-21; 19:22-24; 16:17-19.) Subsequently, on April 22, 2026, Mr. Abraham filed an objection to Judge Levy's denial of his motion to reopen discovery.  (ECF No. 147.)

## Legal Standard & Discussion

This Court's review of a magistrate judge's order pertaining to "pretrial matter[s] not dispositive of a party's claim or

4

defense" is governed by Federal Rule of Civil Procedure 72(a). Pursuant to that rule, the Court may "modify" or "set aside" an order only if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); *see also United States v. Town of Oyster Bay*, 2022 WL 4485154, at *2 (E.D.N.Y. Sept. 27, 2022) (district judge may not "disturb[]" magistrate judge order "absent a determination that such findings were 'clearly erroneous or contrary to law'"). An order is "clearly erroneous" when, "based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed." *McKnight as Tr. of Stacia L. McKnight Rev. Tr. v. 65 Dune Rd. LLC*, 2024 WL 3937541, at *3 (E.D.N.Y. Aug. 26, 2024) (quoting *Ark. Tchr. Ret. Sys. v. Goldman Sachs Grp., Inc.*, 77 F.4th 74, 90 (2d Cir. 2023)). An order is "'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Galloway v. Cnty. of Nassau*, 589 F. Supp. 3d 271, 277 (E.D.N.Y. 2022).

Magistrate judges "are afforded broad discretion in resolving discovery disputes," and "reversal[s]" of their orders are appropriate "only if that discretion is abused." *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 219 (E.D.N.Y. 2021). Under this highly deferential standard, "an application to reopen discovery should be denied where the moving party has not persuaded th[e] Court that it was impossible to complete the discovery by the established deadline." *Baburam v. Fed. Express Corp.*, 318 F.R.D.

5

5, 8 (E.D.N.Y. 2016) (internal quotations omitted) (collecting cases).

Pursuant to those principles, the Court finds that Judge Levy's order denying Mr. Abraham's motion to reopen discovery was neither "clearly erroneous" or "contrary to law."  See Fed. R. Civ. P 72(a).  Courts in this Circuit apply a six-part test in analyzing a request to reopen discovery:

> 1) [W]hether trial is imminent[;] 2) [W]hether the request is opposed[;] 3) [W]hether the nonmoving party would be prejudiced[;] 4) [W]hether the moving party was diligent in obtaining discovery within the guidelines established by the court[;] 5) [T]he foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court[;] and 6) [T]he likelihood that the discovery will lead to relevant evidence.

McKnight, 2024 WL 3937541, at *4 (E.D.N.Y. Aug. 26, 2024) (collecting cases).  Factors two, three, four, and five weigh against reopening discovery.  Most significantly, the Court notes that Mr. Abraham and his counsel were not diligent in pursuing this discovery despite having had numerous extensions of the discovery deadline to do so.  With the exception Mr. LaPierre's father, all other proposed deposition witnesses were named by their initials or their roles in the state court proceedings in Mr. Abraham's Complaint and so have been known to Mr. Abraham since at least prior to the date the Complaint was filed on March 3, 2022. (See Compl. ¶¶ 14, 34, 62; see also Apr. 21, 2024 Tr. at 14:18-19.).  As previously noted, the parties in this case have received

6

approximately 2.5 years of extensions to complete discovery. Given Mr. Abraham's and his counsel's decisions not to depose these witnesses during that extended period, the Court finds that Mr. Abraham has neither been diligent in obtaining this discovery nor can he claim that the need for this discovery was unforeseeable in light of the time already allowed.  Moreover, Defendants have represented to Judge Levy that reopening discovery for depositions would be unduly prejudicial, as they had already submitted their summary judgment pre-motion papers to the Court.  (Apr. 21, 2024 Tr. at 15:1-7.)  These factors weigh against reopening discovery.

Conversely, the Court recognizes that depositions of these witnesses may lead to relevant evidence, as Judge Levy also recognized when he granted numerous extensions solely for the purpose of obtaining Mr. Howard's deposition.  On that basis, and to reduce any remaining prejudice to Mr. Abraham, who is proceeding pro se, the Court agrees with Judge Levy that an order reopening discovery for the limited purpose of obtaining affidavits for summary judgment would be appropriate, if Mr. Abraham so moves.

<u>Conclusion</u>

For the foregoing reasons, the Court affirms Judge Levy's denial of Mr. Abraham's motion to reopen discovery for purposes of taking the depositions of Samuel Howard, Alex LaPierre, Alex LaPierre's father, and Michael Tannousis.  No later than May 6, 2026, Mr. Abraham shall move to reopen discovery for the limited

purpose of obtaining affidavits from those witnesses if he wishes to do so.  Should he do so, the Court is prepared to adjourn the pre-motion conference on Defendants' anticipated summary judgment motion, currently scheduled for May 14, 2026, to allow for the imposition of a new discovery deadline under Magistrate Judge Levy's supervision.  Defendants are respectfully directed to serve this Order on Mr. Abraham and note service on the docket by May 1, 2026.


**So ordered.**

Dated:     April 29, 2026
           Brooklyn, New York     _____
                                  **Kiyo A. Matsumoto**
                                  United States District Judge
                                  Eastern District of New York