UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X

VICTOR ABRAHAM,

*Plaintiff*,

- against -

CITY OF NEW YORK, ET AL.,

*Defendants*.

----------------------------------X

**MEMORANDUM & ORDER**

22-cv-1162 (KAM) (RML)

**KIYO A. MATSUMOTO, United States District Judge:**

Pending before the Court is Plaintiff Victor Abraham's motion to amend his Third Amended Complaint dated June 28, 2026. (*See* ECF No. 165.) Plaintiff filed a supplemental letter on June 29, 2026, (*see* ECF No. 166). Defendants City of New York, Steven Lutz, Steven Zielinski, and Jennifer Hamilton filed a response in opposition on July 1, 2026, (*see* ECF No. 167), and Plaintiff filed a reply on that same date, (*see* ECF No. 168). For the reasons that follow, the Court **DENIES** the motion to amend.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff commenced this 42 U.S.C. § 1983 action over four years ago, on March 3, 2022. (*See* ECF No. 1.) The basis of his action is Defendants' prosecution of Mr. Abraham, and his pre-trial detainment, in connection with two robberies, of which Mr. Abraham was acquitted at trial. (*See id.*) The complaint

principally alleges that Defendants used unduly suggestive identification procedures and suppressed exculpatory evidence. (*See id.* ¶¶ 57-60.) However, the identifications were subsequently found by the same state court judge to have been supported by independent sources, and Defendants dispute that they possessed or suppressed exculpatory evidence, an issue which is the subject of summary judgment briefing currently underway. (*See* ECF No. 125-17, Independent Source Hr'g Tr. at 74:6-75:24; May 20, 2026 Minute Entry; July 30, 2026 Dkt. Order.)[1] Mr. Abraham has represented that his proposed complaint would add a prolonged detention claim based upon the alleged suppression and mishandling of exculpatory evidence. (*See* ECF No. 165 at 1.)

As relevant to the instant motion, Mr. Abraham has already amended his complaint three times. (*See* ECF Nos. 12 (First Amended Complaint), 53 (Second Amended Complaint), 96 (Third Amended Complaint).) Fact discovery was certified as complete on December 16, 2025, and expert discovery concluded February 11, 2026. (*See* Dec. 16, 2025 Minute Entry; Feb. 11, 2026 Order.) Mr. Abraham was represented by counsel for the filings of the initial complaint and First Amended Complaint. He filed his Second Amended Complaint pro se, while discovery was underway on April 16, 2024. His fifth

[1] The Court may consider "relevant evidence [] before the court," even if not alleged in the operative complaint, when the "motion to amend is filed after the close of discovery." *Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 403 (S.D.N.Y. 2014) (citing *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)).

attorney filed the Third Amended Complaint, which is the operative complaint in this case, on December 13, 2024. The instant motion for leave to file a fifth complaint was filed seven months after the close of fact discovery, the deadline for which has been extended no less than ten times over the course of two years. (*See* May 16, 2023 Minute Entry (fact discovery originally scheduled to conclude by September 15, 2023); Dec. 16, 2025 Minute Entry (certifying the close of fact discovery); ECF Nos. 124, 125.) On May 20, 2026, one month prior to the instant motion, the Court held a pre-motion conference on Defendants' anticipated motions for summary judgment, and scheduled briefing for the motion, which is currently underway. (*See* May 20, 2026 Minute Entry.)

## **DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) directs courts to "freely give leave [to amend] when justice so requires." This decision is "within the sound discretion of the district court" and a court may deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2006) (citation omitted).

"[A] court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922

F.2d 60, 72 (2d Cir. 1990). "The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." *Id.* (citation omitted). "[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Mr. Abraham's motion for leave to file a fourth amended complaint comes after significant delay. Specifically, the instant motion was filed approximately four and a half years after the initiation of the lawsuit, seven months after the close of fact discovery, and three months after Defendants initiated the summary judgment process. Courts routinely find undue delay under these circumstances. *See e.g.*, *Burt v. Rodriguez*, 2010 WL 11623399, at *2 (E.D.N.Y. Apr. 9, 2010) ("Courts are particularly inclined to deny leave to amend where the motion is made after the close of discovery and after or in response to motions for summary judgment."); *McCarthy*, 482 F.3d at 201 (affirming district court's denial of leave to amend where the request was made more than two months after discovery was completed, a year and a half after the filing of the original complaint, and the nonmoving party had already filed for summary judgment); *Zahra v. Town of Southold*, 48 F.3d 674, 685-86 (2d Cir. 1995) (affirming denial of leave to amend where request was filed two and a half years from the commencement of the action).

Moreover, Mr. Abrahm offers no justification for his undue delay in bringing the proposed claim. *Cresswell* 922 F.2d at 72. Mr. Abraham argues that he is entitled to relief because his prior counsel had omitted the claim, (*see* ECF No. 165 at 3), but a "change in counsel, or the dissatisfaction with the manner in which previous counsel pleaded claims . . . cannot excuse undue delay to amend." *See Ramsay-Nobles v. Keyser*, 2018 WL 6985228, at *6 (S.D.N.Y. Dec. 18, 2018).

On the other side of the ledger, Defendants have also adequately shown that they would suffer undue prejudice should the Court grant Mr. Abraham's motion. In particular, Defendants argue -- and the Court agrees -- that they were not on notice of the prolonged detention claim at the time that Plaintiff was deposed in October 2025, because the operative complaint did not assert it. *See Tesla Wall Systems, LLC v. Related Companies, L.P.*, 2018 WL 4360777, at *7 (S.D.N.Y. Aug. 15, 2018) ("Granting leave to amend after the close of discovery and initiation of summary judgment motion practice is prejudicial."). Re-opening discovery would likewise prejudice Defendants by prolonging litigation and increasing costs in a case that has already been in court for over 4.5 years. *See Liu v. Chan*, 2022 WL 2903311, at *8 (E.D.N.Y. July 22, 2022) (declining to allow amendment because "discovery would have to be reopened regarding the claim elements"); *Instinet Inc. v. Ariel (UK) Ltd.*, 2011 WL 4444086, at *3 (S.D.N.Y. Sept. 26,

2011) (same).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to amend his Third Amended Complaint.

**SO ORDERED.**

Dated: September 8, 2026
Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York